UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MALIK & SONS, LLC,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6938** |
| **CIRCLE K STORES, INC.,**<br>     **Defendant** | **SECTION: "E" (5)** |

ORDER AND REASONS

Before the Court is Circle K Stores, Inc.'s ("Circle K") motion for certification of an interlocutory appeal, or in the alternative, a motion for reconsideration.[1] The motion is opposed.[2] On July 13, 2016, the Court—after hearing oral argument—denied the parties' cross motions for summary judgment, finding disputed issues of material fact existed with respect to the execution date of the lease at issue.[3] The parties re-urged their motions for summary judgment, both of which the Court denied on December 16, 2016.[4] In Circle K's motion, it asks the Court to certify for interlocutory appeal its Order and Reasons denying Circle K's summary judgment, or in the alternative, reconsider its ruling under Rule 59(e) of the Federal Rules of Civil Procedure.

## I.     Motion for Reconsideration

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[5] A motion for reconsideration,

---

[1] R. Doc. 71.
[2] R. Doc. 72.
[3] R. Doc. 36.
[4] R. Doc. 70.
[5] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).

1

however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[6] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[7] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[8]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[9]

Circle K contends the Court committed legal error because the Court used extrinsic evidence to find that the lease is ambiguous.[10] Contrary to Circle K's contention, the Court's opinion expressly determined the lease was ambiguous by looking at only the four corners of the lease.[11] Only after making a determination that the lease is ambiguous did

---

[6] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[7] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[8] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[9] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[10] R. Doc. 71-1 at 2.
[11] *See* R. Doc. 70 at 6–7.

2

the Court evaluate the parties' intent. In fact, the Court was explicit in its finding that parol evidence may be used to ascertain the intent of the parties *when the lease is ambiguous*.[12] As such, the Court first looked to the four corners of the lease, found it ambiguous, and only then considered parol evidence to determine whether disputed issued of material fact exist with respect to the parties' intent.

The Court therefore did not commit an error of law, and Circle K's motion for reconsideration is denied.

## II. Interlocutory Appeal

There are three criteria set forth in 28 U.S.C. § 1292(b) that must be met before the Court can properly certify an interlocutory order for appeal: (1) there must be a controlling question of law; (2) there must be a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[13] The moving party bears the burden of establishing that interlocutory appeal is appropriate.[14]

It is within the Court's discretion to certify an order for interlocutory appeal under Section 1292(b).[15] Interlocutory appeals are "exceptional" and should not be granted "'simply to determine the correctness' of a ruling."[16] Circle K seeks interlocutory review of

---

[12] R. Doc. 70 at 6.
[13] 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981).
[14] *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).
[15] *Waste Mgmt. of Louisiana, L.L.C. v. Parish*, No. CIV.A. 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *In re Chinese Manufactured Drywall Products Liab. Litig.*, No. 09-4115, 2012 WL 4928869, at *7 (E.D. La. Oct. 16, 2012) (same); *Copelco Capital, Inc. v. Gautreaux*, No. CIV. A. 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").
[16] *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (quoting *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir.1983)).

this Court's determination regarding that disputed issues of material fact exist with respect to the execution date of the lease at issue. Although the determination of whether a contract is ambiguous is an issue of law,[17] determining the intent of the parties is a question of fact.[18] Circle K fails to establish that this issue satisfies the requirements of Section 1292(b). The motion for certification for interlocutory appeal is denied.

**New Orleans, Louisiana, this 4th day of January, 2017.**

                                          */s/ Susie Morgan*
                                  **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**

---

[17] *Henly v. Phillips Abita Lumber Co.*, 971 So. 2d 1104, 1109 (La. Ct. App. 1 Cir. 10/3/07).
[18] *See Fed. Nat. Mortg. Ass'n v. Sethi*, 557 So. 2d 354, 356 (La. Ct. App. 4 Cir. 1/30/90).