UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MALIK & SONS, LLC,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6938** |
| **CIRCLE K STORES, INC.,**<br>    **Defendant** | **SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court is a motion *in limine* filed by Defendant, Circle K. Stores, Inc. ("Circle K").[1] The motion is opposed.[2] For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks to exclude the following evidence or testimony: (1) letters other than those dated October 6, 2014, October 7, 2014, November 11, 2014, and November 24, 2014; (2) evidence or testimony that predates October 6, 2014 to the extend it intends to vary the October 7, 2014 date of the lease; (3) evidence or testimony that occurred after November 24, 2014 to the extent such evidence is intended to vary the October 7, 2014 lease date; (4) evidence or testimony that the date of a party's signature on an agreement is always the execution date; (5) evidence or testimony that concerns the July 25, 2016 letter from Circle K's general counsel; and (6) evidence or testimony that references improper delay by reason of Circle K's submission of the lease to the escrow agent on October 6, 2014.

---

[1] R. Doc. 87.
[2] R. Doc. 90.

1

### I.    Letters Other than those Dated October 6, 2014, October 7, 2014, November 11, 2014, and November 24, 2014

Circle K seeks to exclude letters other than those dated October 6, 2014, October 7, 2014, November 11, 2014, and November 24, 2014.[3] The crux of Circle K's argument is that only these documents, in addition to the lease, should have been considered in the Court's determination of whether the lease is ambiguous and only this parole evidence should be considered by the jury to determine the intent of the parties. The Court has already found the lease to be ambiguous,[4] and it is therefore necessary to admit parol evidence so that the jury may determine the intent of the parties.[5]

"Intent is an issue of fact which is to be inferred from all of the surrounding circumstances."[6] "A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and other contracts of a like nature between the same parties."[7]

The Court finds that all circumstances surrounding the lease—both before and after its formation—are relevant. The motion *in limine* with respect to letters other than those dated October 6, 2014, October 7, 2014, November 11, 2014, and November 24, 2014 is denied.

---

[3] R. Doc. 87-1 at 2–6.
[4] R. Doc. 70 at 7.
[5] *Eiche v. E. Baton Rouge Par. Sch. Bd.*, 623 So. 2d 167, 169 (La. Ct. App. 1 Cir. 7/2/93), *writ denied*, 627 So. 2d 657 (La. 1993).
[6] *Fleniken v. Entergy Corp.*, 790 So. 2d 64, 73 (La. App. 1 Cir. 2/16/01), *writ denied*, 793 So. 2d 1250 (La. 6/15/01), and *writ denied*, 793 So. 2d 1252 (La. 6/15/01).
[7] LA. CIV. CODE art. 2053.

### II. Evidence or Testimony that Predates October 6, 2014 to the Extent it Intends to Vary the October 7, 2014 Date of the Lease

For the same reasons stated in number one above, the motion *in limine* with respect to any evidence or testimony that predates October 6, 2014 to the extent it intends to vary the October 7, 2014 date of the lease is denied.

### III. Evidence or Testimony that Occurred After November 24, 2014 to the Extent Such Evidence Intends to Vary the October 7, 2014 Lease Date

For the same reasons stated in number one above, the motion *in limine* with respect to evidence or testimony that occurred after November 24, 2014 to the extent such evidence is intended to vary the October 7, 2014 lease date is denied.

### IV. Evidence or Testimony that the Date of a Party's Signature on an Agreement is Always the Execution Date

Circle K seeks to exclude parole evidence that the date of a party's signature on an agreement is always the execution date because such evidence is irrelevant under Rule 403.[8]

Circle K's motion *in limine* is granted to the extent witnesses will be allowed to testify only as to their personal intent and general understanding with respect to whether the date of signing a lease is the execution date. No witness will be allowed to give legal opinions with respect to this issue.

### V. Evidence or Testimony that Concerns the July 25, 2016 Letter from Circle K's General Counsel

Circle K contends the July 25, 2016 letter, which Plaintiff would presumably use as evidence that its duty to mitigate its damages did not arise until July 25, 2016, is inadmissible under Rule 408.

---

[8] R. Doc. 87-1 at 10.

3

Circle K's motion *in limine* is denied as moot, as the Court has found Plaintiff has no duty under the lease to mitigate its damages in the event of Circle K's default.[9]

### VI. Evidence or Testimony that References Improper Delay by Reason of Circle K's Submission of the Lease to the Escrow Agent on October 6, 2014

For the same reasons stated in number one above, the motion *in limine* with respect to evidence or testimony that references improper delay by reason of Circle K's submission of the lease to the escrow agent on October 6, 2014 is denied.

**New Orleans, Louisiana, this 25th day of January, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. 105.