UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MALIK & SONS, LLC | * | CIVIL ACTION NO. 15-6938 |
| | * | |
| | * | SECTION: "E"(1) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| CIRCLE K STORES, INC. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************** | * | |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Remittance of Attorney Fees filed by Malik & Sons, LLC (Rec. Doc. 147). The District Judge has referred the Motion to the undersigned Magistrate Judge for determination of the amount of attorneys' fees owed. (Rec. Doc. 162). For the following reasons, it is RECOMMENDED that the Motion be DENIED without prejudice to renewal within 14 days after Circle K's appeal has been resolved.

Background

This matter concerns a purported lease between plaintiff Malik & Sons, LLC ("Malik") and defendant Circle K Stores, Inc. ("Circle K"). Malik's position is that the lease was fully executed on August 28, 2014, at the time when both parties had signed it, and that pursuant to the lease, Circle K had a 90 day "feasibility period" to cancel the lease. Malik also took the position that although Circle K attempted to cancel the lease on November 11, 2014, it subsequently rescinded the termination letter on November 24, 2014, two days before the end of the feasibility period according to its calculation. Malik further took the position that Circle K's attempt to terminate the lease on December 27, 2014, was after the expiration of the feasibility period and, therefore, invalid.

1

Asserting that Circle K was in default for failing to pay rent, Malik filed an eight page complaint on December 18, 2015, and a few days later Malik was ordered to plead the citizenship of both parties and properly plead the amount in controversy. Malik filed a two page amendment. After Circle K answered, the parties filed cross motions for summary judgment, which were denied. The parties engaged in settlement discussions with the magistrate judge, but no settlement conference was held. The parties then exchanged discovery requests and Circle K represents that nine depositions were taken for a total of about 16 hours of testimony. The parties filed renewed motions for summary judgment, which were denied. Circle K filed a motion for reconsideration, which was also denied.

A little over one year after the lawsuit was filed, the case went to trial and the jury entered a verdict in favor of Malik, finding that the parties entered into a lease on August 28, 2014, that the execution date was not modified, that Circle K breached the lease, and that Malik provided Circle K with prompt notice of the breach. (Rec. Doc. 128). The judgment entered in favor of Malik included an award of $130,507.92 for back rent and taxes for the period of October 1, 2015 through January 31, 2017. Circle K has filed numerous post trial briefs, including a Notice of Appeal, Motion for Bond and Stay of Judgment, the present Motion for Remittance of Attorney Fees, and in the United States Court of Appeals for the Fifth Circuit, a Petition for Writ of Mandamus seeking to have the District Court's order setting the amount of the supersedeas bond vacated in favor of a lower bond amount. The Petition for Writ of Mandamus was denied. Malik, too, has filed a Motion to Amend Judgment.

On March 15, 2017, the district judge referred the Motion for Remittance of Attorney Fees to the undersigned magistrate judge. Numerous briefs have been filed relating to Malik's attorneys' fee request, including Malik's Motion and Memorandum in Support, Circle K's Opposition, a

Reply by Malik, a Sur-reply by Circle K, a Supplemental Memorandum by Circle K, and a Supplemental Reply by Malik. Circle K has also made an *in camera* submission of its attorney fee records. In addition, a lengthy hearing was conducted on the matter by the undersigned on March 29, 2017.

Circle K does not appear to dispute that Malik is entitled to an award of attorneys' fees. Indeed, the lease provides:

> In the event of any legal action between Landlord and Tenant to enforce any of the provisions and/or right hereunder, each party shall be responsible for its own costs and expenses, including attorney's fees. Notwithstanding the above, if Landlord has to sue Tenant for unpaid rent obligation under the terms of the Lease, Landlord shall be entitled to reasonable attorneys' fees provide Landlord prevails in such action.

(Lease, ¶ 30.12, Rec. Doc. 147-3). At trial, Malik, the landlord, prevailed. The issue raised by the Motion is whether Malik is entitled to the $360,645 that it claims. And, as addressed further below, whether the Court should decide that issue now.

Law and Analysis

This Court retains jurisdiction over the Motion for Remittance of Attorney Fees during the pendency of Circle K's appeal. However, the Court is not required to resolve the Motion at this time. Indeed, the advisory committee on the Federal Rules of Civil Procedure instructs: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. Proc. 54 advisory committee's note to 1993 amendment. Thus, in some cases, deferral may be appropriate. See Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc., 850 F.2d 1286, 1312 (8th Cir. 1988), amended, 878 F.2d 1118 (8th Cir. 1989) ("[R]ather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, the district

3

court wisely deferred ruling on attorney's fees and costs pending appeal."); Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp., No. 4:07-CV-194-A-V, 2013 WL 5464689, at *2 (N.D. Miss. Sept. 30, 2013) (denying a motion for attorneys' fees without prejudice to renewal following resolution of the appeal); Kirmer v. Goodyear Tire & Rubber Co., No. CIV.A. 11-069, 2012 WL 2564955, at *1 (E.D. La. July 2, 2012) (adopting the magistrate judge's recommendation to dismiss the motion for attorneys' fees as premature due to a pending appeal of a partial final judgment).

In this highly contentious case, the reasonable hourly rate of Malik's lawyers is hotly contested because its lawyers do not typically engage in this type of work. Well respected local attorneys have submitted declarations for each side. They portray drastically different pictures of the customary fees in this market.[1] Deferring a ruling will prevent this Court from assigning a "reasonable rate" to Malik's attorneys only to see the merits ruling (and therefore the attorneys' fee award) reversed on appeal—while the announcement of the Court's determination of the attorneys' reasonable rate remains on the public record.

The number of hours expended is also highly disputed. Circle K asserts that Malik's hours are grossly inflated.[2] Malik claims that the time expended was a result of Circle K's litigation strategy of raising the same issue over and over again. Indeed, the issue of whether the lease was ambiguous was raised in the first motion for summary judgment, second motion for summary judgment, and motion for reconsideration. Each time, the District Court rejected Circle K's argument. Circle K is likely to raise the issue again in its appeal to the Fifth Circuit. The Fifth Circuit's ruling on the merits may shed some light on the propriety of Circle K's litigation tactics.

---

[1] James Garner says a rate of $325 per hour for Mr. Richardson is reasonable and that Mr. Richardson could command as much as $400 per hour. Edward Trapolin says that a rate of $175 to $275 would be typical for someone of the skill, reputation, and experience of Mr. Richardson.
[2] Malik submits that its attorneys spent 1,122.1 hours and has provided 24 pages of billing records to support the claim.

4

Circle K also contests the use of its attorneys' fees—both rate and hours expended—as a suitable comparator because it utilized an out of state law firm for a substantial portion of the litigation. This, Circle K claims, resulted in higher rates which are not relevant under the law which looks to the prevailing rate in the relevant community—the district in which the forum court sits. Circle K also argues that learning Louisiana law, which was not necessary for Malik's local lawyers, inflates the time expended by Circle K so as to render any comparison artificial. So too, according to Circle K, does the duplication of effort, redundancy of appearances, and exchange of communication between law firms. Circle K also objects to consideration of its fee bills because it is concerned that privilege issues will be raised if the Court relies on them. But, Malik maintains that the bills are relevant to a determination of the attorneys fee award because the hours expended will shed light on the amount of work generated and whether Malik was reasonable in responding to Circle K's actions. By deferring its ruling, the Court will avoid resolving this issue unless it is necessary to do so.

It is obvious, of course, that if Circle K wins on appeal, the motion for attorneys' fees will be moot. It is equally obvious that if Malik wins on appeal, it will be entitled to additional attorneys' fees and will likely file a supplemental motion for attorneys' fees before this Court. By deferring a ruling on attorneys' fees, the Court will only be required to engage in the task of assessing the reasonable hourly rate, the attorneys' voluminous and disputed time records, and the Johnson factors once, if at all.

Malik argues that Circle K is likely to appeal the attorneys' fee award, so ruling now will allow that appeal to be consolidated with the merits appeal. But, this will not serve judicial economy. First, it is unclear whether the appeals would be consolidated before the Fifth Circuit.

Second, if Malik is right that Circle K will litigate everything, it seems that Circle K would litigate a supplemental ruling on attorneys' fees incurred in the appeal, too.

Malik also complains that it will be prejudiced by a delayed ruling. However, the Court finds the prejudice to be minimal. Although Malik acknowledges that the award of fees would not be paid now, it argues that it is entitled to have an additional supersedeas bond to protect the attorneys' fee award pending the appeal. As Circle K points out, the supersedeas bond is 255% (or about $200,000) greater than the money judgment. Further, Malik offers no real evidence to suggest that Circle K will not be able to pay the judgment when it becomes final. The purported prejudice to Malik in not obtaining a larger or second supersedeas bond is insufficient to outweigh the judicial economy of deferring a ruling.

Accordingly, it is RECOMMENDED that the Motion for Remittance of Attorneys' Fees be DENIED without prejudice to renewal within 14 days after Circle K's appeal has been resolved.

New Orleans, Louisiana, this 22nd day of May, 2017.

                                                _____
                                                      Janis van Meerveld
                                                United States Magistrate Judge